Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Board of Examiners of Nursing Home Administrators, which revoked petitioner’s nursing home administrator’s license. Petitioner, a licensed nursing home administrator, was charged by the Board of Examiners of Nursing Home Administrators with engaging in unethical conduct, as defined in 10 NYCRR 96.1 (m) (2), (3), (5), in that he had been convicted of violating section 371 óf title 18 of the United States Code, entited "Conspiracy to commit offense or to defraud United States”, while an administrator of the Towers Nursing Home, when he knowingly filed false statements as to the ownership of the facility with intent to defraud .the United States and the State of New York. The hearing officer found that the petitioner committed unethical conduct, as defined in 10 NYCRR 96.1 (m) (3), by virtue of his conviction on the conspiracy charge and that he had committed unethical conduct, as defined in 10 NYCRR 96.1 (m) (5), by virtue of his admitted participation in that conspiracy. The Board of Examiners adopted the hearing officer’s findings and, rejecting the recommended sanction of a suspension, revoked petitioner’s administrator’s license. The determination should be confirmed. We reject petitioner’s contention that the finding of unethical conduct in practicing fraud in the capacity of a nursing home administrator cannot be sustained because the date of his conviction for the conspiracy to commit fraud and the filing of a false document did not occur while he was a nursing home administrator. It is clear that the unethical conduct attributed to petitioner was his participation in the acts underlying the criminal conspiracy. Petitioner was sufficiently advised of the nature of the charges against him in this regard, and the record contains substantial evidence to support respondent’s finding that while petitioner was an administrator of the Towers Nursing Home, he actively participated in a scheme to divert checks belonging to the facility to 11 undisclosed partners of the home. This is sufficient to sustain the finding that petitioner has been guilty of unethical conduct, as defined in 10 NYCRR 96.1 (m) (5). Additionally, the crime of knowingly filing false statements as to ownership of the Towers Nursing Home, with intent to defraud the United States and the State of New York, per se involves moral turpitude and subjects a nursing home administrator to disciplinary action (Public Health Law, § 2897, subd 1, par [b]). Next, we cannot say that the penalty imposed was so disproportionate to the offense as to be shocking to one’s sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222, 233). We have examined petitioner’s other contentions and find them to be without merit. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.